# ADVERSARY PROCEEDING SHEET
(Instructions on Reverse)

B. 104 (Rev. 8/99)

| ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|
| |

| PLAINTIFFS Pacific Jet, In[c] | DEFENDANTS |
|---|---|
| Address | Address |

RECEIVED DEC 15 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

| ATTORNEYS (Firm Name, Address, and Telephone Number) P. Brett, SNB 23801 Globosa #2031, Globosa, CA | ATTORNEYS (If known) |
|---|---|

**PARTY** (Check one box only): ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved)

11 USC § 548

## NATURE OF SUIT
(Check the one most appropriate box only)

- ☒ 454 To recover money or property
- ☐ 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
- ☐ 435 To determine validity, priority, or extent of a lien or other interest in property
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 498 Other (specify)
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan

**ORIGIN OF PROCEEDING** (Check one box only): ☒ 1 Original Proceeding  ☐ 2 Removed Proceeding  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NUMBER | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only): ☐ FEE ATTACHED  ☐ FEE NOT REQUIRED  ☐ FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

(SPACE BELOW FOR FILING STAMP ONLY)

1  PAUL M. BRENT, ESQ., SBN 125976
   STEINBERG, NUTTER & BRENT
2  LAW CORPORATION
   23801 CALABASAS ROAD, SUITE 2031
3  CALABASAS, CALIFORNIA 91302
   PHONE: (818) 876-8535

FILED
DEC 1 5 2006
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY CLERK

FILED
DEC 1 5 2006

*Attorneys For*: Debtor and Debtor-in-Possession, Pacific Jet

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No. SV05-14547 KT |
| PACIFIC JET | Adv. No.: |
| Debtor and Debtor-in-Possession. | **CLAIMS FOR FRAUDULENT TRANSFER AND MONETARY DAMAGES FOR:** <br> 1) BREACH OF CONTRACT; <br> 2) COMMON COUNT; <br> 3) ACCOUNT STATED; <br> 4) UNJUST ENRICHMENT |
| PACIFIC JET, <br> Plaintiff <br> v. <br> Avbase Aviation and DOES 1 through 10, persons of unknown citizenship, <br> Defendants | **HEARING** <br> Date: <br> Time:  **[To Be Set]** <br> Place: Courtroom "301" <br> 21041 Burbank Boulevard <br> Woodland Hills, California |

Plaintiff, Pacific Jet (hereinafter "PJ" or "Plaintiff") states as follows:

### ALLEGATIONS SUPPORTING ALL CLAIMS

1

COMPLAINT FOR MONETARY DAMAGES

1. Pacific Jet is the Chapter 11 Debtor and Debtor-in-Possession in the above-captioned case pursuant to the filing of a Voluntary Petition under Chapter 11 of Title 11 of the United States Bankruptcy Code, on July 1, 2005. Defendant Avbase Aviation ("defendant") is an entity of an unknown nature believed located in or about Ohio.

2. Debtor was engaged in the business of operating a jet charter business in Van Nuys, California (the "Business").

3. The Claims hereafter stated arise from, and are asserted in connection with, the following services and transfers as set forth collectively on Exhibit "A" rendered to Defendants and each of them (collectively the "Transfers") from the pre-petition Debtor to, or on behalf of, Defendants.

4. The Debtor is informed and believes and thereon alleges that the Debtor received no consideration in exchange for such Transfers and/or received less than reasonably equivalent value in exchange for the Transfers.

5. This Court has jurisdiction over these Claims pursuant to 28 U.S.C. §§157 and 1334.

6. Venue as to these Claims is proper in this district pursuant to 28 U.S.C. §1409.

7. These Claims are core matters arising under 28 U.S.C. §157(b)(2)(A), (B), (C), (F), and (O).

8.. Federal Rule of Bankruptcy Procedure 7001 sets forth in pertinent part:

An adversary proceeding is governed by the rules of this Part VII. The following

are adversary proceedings:

1) a proceeding to recover money or property, except a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the code, Rule 2017, or Rule 6002 . . . .

9.     PJ is ignorant of the true names, capacities, and citizenship of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Debtor will amend this Complaint to allege their true names, capacities, and citizenship when ascertained.

10.    PJ is informed and believes, and on that basis alleges, that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and that PJ's damages as herein alleged were proximately caused by each fictitiously named Defendant.

11.    PJ is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendant Does 1 through 10, inclusive, and each of them, were the agents, servants, joint venturers an employees of each of their co-defendants, and of each other, and at all times mentioned herein, were acting within the course and scope of such agency and employment.

12.    PJ is informed and believes, and on that basis alleges, that each of the Defendants identified and described above, at all times relevant to the claims set forth herein, did business within the State of California, County of Los Angeles.

13.    PJ is informed and believes, and on that basis alleges, that as a result of the services and Transfers which Defendants, and each of them, has wrongfully acquired through the misappropriation and misuse of the Debtor's services and/or assets the Defendants, by their actual and threatened

1  conduct intend to, and will, materially and improperly interfere with the ability of PJ to reorganize.

14. As set forth on exhibit A and on or about the dates set forth therein, at PJ's primary business location, 16644 Roscoe Blvd., Van Nuys, CA 91406, Plaintiff and Defendant entered into an agreement (hereinafter "the Contract") in which Plaintiff agreed to provide charter jet services on behalf of Defendant and Defendant agreed to pay for said services and for costs and expenses.

15. Plaintiff has performed all acts, services, and conditions required to be performed on its part.

16. In rendering the services herein alleged and/or the Transfers set forth, Plaintiff has incurred costs and expenses on behalf of Defendant in the sum of no less than the amounts set forth on Exhibit "A".

17. Plaintiff has demanded from Defendant payment of such compensation and reimbursement of costs and expenses in said amount, but Defendant has not paid any part of that sum, and there is now due and owing from Defendant to Plaintiff the sum as set forth in Exhibit "A".

### FIRST CLAIM
### (BREACH OF CONTRACT)

Plaintiff refers to and incorporates herein as though fully set forth herein, all prior paragraphs this Complaint.

18. PJ has performed all services required of it but has been unpaid for the services rendered and the Transfers made. Plaintiff has been damaged as set forth above.

### SECOND CAUSE OF ACTION
### (Common Count)

19. Plaintiff refers to and incorporates all preceding paragraphs as though fully set forth herein

1 of this Complaint.

2  20. As set forth on Exhibit "A" and on or about the dates set forth therein, Defendant became indebted to Plaintiff in the agreed sum as set forth on Exhibit "A" for services rendered and costs and expenses advanced by Plaintiff at Defendant's request and Transfers made. No part of said amount has been paid despite Plaintiff's demands to Defendant to pay the same.

### THIRD CAUSE OF ACTION

### (Account Stated)

21. Plaintiff refers to and incorporates as though fully set forth herein all preceding paragraphs of this Complaint.

22. As set forth on Exhibit "A" and in the time frames set forth therein, Plaintiff performed services and made the Transfers for Defendant at Defendant's specific request.

23. As set forth on Exhibit "A", an account was stated in writing by and between Plaintiff and Defendant. Said statement reflected a balance as set forth on Exhibit "A" due from Defendant to Plaintiff and Defendant agreed to pay that balance. A true and correct copy of the billing statement sent to Defendant is attached hereto as Exhibit "A" and made a part hereof.

24. Neither the whole nor any part of that sum has been paid, although Plaintiff has demanded payment, and there is now due and unpaid from Defendant to Plaintiff the sum as set forth on Exhibit ".

### FOURTH CLAIM

### (Unjust Enrichment)

### (As to all Defendants)

25. PJ realleges each and every allegation set forth in paragraphs 1 through 24, inclusive of the Claims, and incorporates the same herein by reference as though fully set forth at this point.

26. PJ is informed and believes, and on that basis alleges, that Defendants acquired the services and Transfers through wrongful conduct and through the misappropriation and misuse of Estate assets.

27. As a proximate result of such wrongful conduct, Defendants have unjustly acquired and will be unjustly enriched if permitted not to pay the Estate the monies owed to it. This Court can and should determine that PJ is entitled to entitled to restitution for all such benefits obtained and retained by

1  Defendants, including interest thereon at the legal rate, and to its reasonable attorney fees and
2  disbursements incurred in pursuing this claim.
3  28.   As a proximate result of the actions of the Defendants, PJ has suffered general and special
4  damages in an amount which cannot be presently ascertained, but which will be determined and
5  presented at the trial of this matter together with interest thereon at the legal rate.

## FIFTH CLAIM

### (Accounting)

### (As to All Defendants)

10  29.   PJ realleges each and every allegation set forth in paragraphs 1 through 28, inclusive of the
11  Claims and incorporates the same herein by reference as though fully set forth at this point.
12  30.   In order to provide complete relief as to the claims asserted herein by PJ and consistent with the
13  relief sought herein the Court should require Defendants to render an accounting to this Court as to its
14  handling and disposition of said services and/or Transfers transferred to them and respectfully prays th
15  this Court enter an order granting to such relief.

## SIXTH CLAIM

### (To Recover Fraudulent Transfers)

### (As to All Defendants)

19  31.   PJ realleges each and every allegation set forth in paragraphs 1 through 30, inclusive of the Clai
20  and incorporates the same herein by reference as though fully set forth at this point.
21  32.   In order to provide complete relief as to the claims asserted herein by PJ, the PJ may avoid the
22  Transfers pursuant to 11 U.S.C. section 548 as well as the Uniform Fraudulent Transfer Act as codified
23  pursuant to laws of the State of California PJ prays that this Court enter an order granting to PJ such reli
24  33.   Separately and distinctly from any relief afforded by this Court as the result of such wrongful
25  conduct of Defendants, this Court can and should determine that PJ is entitled to entitled to the avoidanc
26  of the Transfers and recovery of the same, including interest thereon at the legal rate, and to its reasonab
27  attorney fees and disbursements incurred in pursuing this claim-the amount of which cannot be presently
28  ascertained, but which will be determined and presented at the trial of this matter granting to PJ such reli

1
2
3
4
5       WHEREFORE, Plaintiff prays judgment against Defendants as follows:

## ON ALL CLAIMS

7    1.    For the sums as set forth on Exhibit "A" with interest thereon at the highest rate for the
8 longest period of time available;
9    2.    For reasonable attorneys' fees and costs of suit incurred in the prosecution of this action;
10   3.    For such other and further relief as the Honorable Court deems just, proper and
11 appropriate within the premises.

12
13
14
15
16
17
18
19
20
21
22
23 DATED: December __14__, 2006            STEINBERG, NUTTER & BRENT
                                          LAW CORPORATION
24
25
                                          By: PAUL M. BRENT,
26                                        Attorneys for Plaintiff,
                                          PACIFIC JET, INC.
27
28

7

**COMPLAINT FOR MONETARY DAMAGES**

*A*

# Pacific Jet

16644 Roscoe Blvd.
Van Nuys, CA 91406

# Statement

| DATE |
|---|
| 9/26/2005 |

AvBase Aviation
6200 Riverside Drive
Cleveland, OH 44135

| AMOUNT DUE | AMOUNT ENC. |
|---|---|
| $17,673.00 | |

| DATE | TRANSACTION | AMOUNT | BALANCE |
|---|---|---|---|
| 06/20/2005 | INV #17859. Orig. Amount $17,673.00. | 17,673.00 | 17,673.00 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | AMOUNT DUE |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 17,673.00 | 0.00 | $17,673.00 |

Past due invoices are subject to a 1.5% per month finance charge and applicable collection fees.